IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:26-CV-4-BO-KS

| | | |
|---|---|---|
| HERBERT J. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER and** |
| | ) | **MEMORANDUM &** |
| WEYERHAEUSER NR, | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This pro se case is before the court on the application of Herbert Moore, Jr. ("Plaintiff") to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Terrence W. Boyle, United States District Judge. For the reasons set forth below, the court GRANTS Plaintiff's application to proceed in forma pauperis and RECOMMENDS that the complaint be dismissed in part.

## I.    Posture

Plaintiff initiated this action on January 27, 2026. On January 29, 2026, the court ordered Plaintiff to correct several deficiencies with his filings within fourteen days of the order. (1/29/2026 Order [DE #3].) On February 18, 2026, the court received an amended complaint,[1] civil cover sheet, proposed summons, notice of self-

---

[1] Plaintiff's amended complaint supersedes and renders inoperative his original complaint. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)).

representation form, and an updated IFP application. (Am. Compl. [DE #4]; Civil Cover Sheet [DE #4-1]; Prop. Summons [DE #4-2]; IFP Appl. [DE #5]; Notice Self-Representation [DE #6].) The envelope was postmarked February 12, 2026, and the court determines that Plaintiff complied with the deadline set in the January 29, 2026, order. The court will therefore consider these updated documents.

## II.    IFP Motion

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based on the information contained in Plaintiff's financial affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed in forma pauperis, as amended, is ALLOWED.

## III.    Background

Plaintiff sues his former employer, Defendant Weyerhaeuser NR ("Defendant" or "Weyerhaeuser"), pursuant to Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act, for retaliation and wrongful termination. (Am. Compl.) Plaintiff states he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in December 2024 due to unlawful employment practices by Defendant and shortly thereafter reported his concerns to Defendant's Human Resources department and to Defendant's Chief Executive Officer via email. (Am. Compl. ¶¶ 7–8.) Plaintiff then suffered an injury while at work

2

and was "taken out of work by a doctor." (*Id.* ¶ 9.) While on medical restriction and away from work, Plaintiff states Defendant suspended him for alleged insubordination and then terminated Plaintiff while Plaintiff was still not medically cleared to return to work. (*Id.* ¶¶ 10–11.) Plaintiff alleges Defendant retaliated against him for engaging in protected activity, i.e. filing the EEOC charge and reporting unlawful practices to Human Resources, in violation of Title VII, and wrongfully terminated Plaintiff while he was under medical restriction, in violation of the ADA. (*Id.* ¶¶ 14, 18.)

## III. Standard for Frivolity Review

Notwithstanding the prior determination that Plaintiff is entitled to in forma pauperis status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. In making the "inherently elastic" frivolity determination, *Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir.

2004), the court may "apply common sense," *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of suit as frivolous where complaint "failed to contain any factual allegations tending to support [plaintiff's] bare assertion"). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013).

## IV.    Plaintiff's Claims

While sparse and not a model of clarity, Plaintiff's amended complaint contains sufficient factual allegations for the court to discern that Plaintiff sues his former employer, Weyerhaeuser, for retaliation and wrongful termination under Title VII. Based on a liberal interpretation of Plaintiff's amended complaint, the court cannot

4

say, at this stage of the litigation, that Plaintiff's Title VII claims against Defendant are frivolous, malicious, fail to state a claim, or seek relief from an immune defendant. Accordingly, Plaintiff's Title VII claims for retaliation and wrongful termination survive frivolity review.

However, Plaintiff's amended complaint alleges insufficient factual information for the court to discern an ADA claim. The elements of an ADA claim are "(1) a plaintiff was disabled; (2) he was a qualified individual; and (3) he suffered an adverse employment action based on his disability." *Hice v. Mazzella Lifting Techs., Inc.*, 589 F. Supp. 3d 539, 547 (E.D. Va. 2022) (citing *Jacobs v. N.C. Admin. Off. Cts.*, 780 F.3d 562, 572 (4th Cir. 2015)). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "The ADA defines 'disability' as '(A) a physical or mental impairment that substantially limits one or more major life activities . . .; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3)).'" *Robinson v. Mountaire Farms of N.C. Corp.*, ___ F. Supp. 3d ___, ___, 2024 WL 4665549, at *5 (E.D.N.C. 2024) (quoting 42 U.S.C. § 12102(1)). While the court is mindful of Plaintiff's pro se status, all Plaintiff has alleged is that Defendant terminated him while he was away from work awaiting medical clearance to return. Having already advised Plaintiff that his initial complaint was deficient under Rule 8 of the Federal Rules of Civil Procedure, (1/29/2026 Order at 1), the

5

undersigned recommends that Plaintiff's ADA claim be dismissed. *See Twombly*, 550 U.S. at 570; *Trulock*, 275 F.3d at 405; *White*, 886 F.2d at 724.

CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's application for leave to proceed without prepayment of fees, as amended [DE ##2, 5] and it is RECOMMENDED that Plaintiff's ADA claim be dismissed as frivolous or for failure to state a claim.

It is DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff, who is hereby advised as follows:

You shall have until **April 20, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Order and Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Order and Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review.

In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Order and Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 2nd day of April 2026.

_____
KIMBERLY A. SWANK
United States Magistrate Judge