IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:26-CV-4-BO-KS

HERBERT J. MOORE, JR.,                )
                                      )
            Plaintiff,                )
                                      )
    v.                                )            O R D E R
                                      )
WEYERHAEUSER NR,                      )
                                      )
            Defendant.                )

This matter comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Kimberly A. Swank. [DE 7]. Plaintiff has filed an objection [DE 8] and the time for response is elapsed. In this posture, the matter is ripe for disposition.

BACKGROUND

Plaintiff, proceeding pro se, initiated this action against his former employer, defendant Weyerhaeuser NR, asserting retaliation and wrongful termination claims under Title VII and the Americans with Disabilities Act (ADA). [DE 4]. Plaintiff worked as a machine operator. *Id.* at ¶ 5. He alleges having filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in December 2024 due to defendant's unlawful employment practices. *Id.* at ¶ 7. Shortly thereafter he reported his concerns to defendant's human resources department and to defendant's CEO by email. *Id.* at ¶ 8. Then, he suffered an injury at work and was "taken out of work by a doctor." *Id.* at ¶ 9. Plaintiff alleges defendant suspended him for alleged insubordination and then terminated his employment while he was under medical restriction and before he was released to return to work. *Id.* at ¶¶ 10–11.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The M&R recommended plaintiff's Title VII claims be permitted to proceed, but recommended dismissal of the ADA claims as frivolous or for failure to state a claim. [DE 7]. In objection to the M&R, plaintiff provided medical and other documents. [DE 8]. His filings include a doctor's note explaining that he was diagnosed on December 13, 2024 with cervicalgia (neck pain) and had injured his neck and wrist in a fall from scaffolding. [DE 8-6], [DE 8-7].

Even if this information had been included in plaintiff's complaint, it would have been insufficient to state a claim. "To state a claim for disability discrimination under the ADA, the Plaintiff must plead facts to show that: (1) he has a disability, (2) he is a 'qualified individual' for the employment in question, and (3) the employer took an adverse employment action against him

2

because of his disability." *Scott v. Walmart Inc.*, No. 23-CV-02228-LKG, 2025 WL 359059, at *10 (D. Md. Jan. 30, 2025) (citing *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015)). The "ADA defines disability as: '(A) a physical or mental impairment that substantially limits one or more . . . major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Id.* (citing 42 U.S.C. § 12102(2)).

In *Miller v. Maryland Dep't of Nat. Res.*, the Fourth Circuit affirmed by unpublished opinion that a plaintiff's allegation of cervical herniation and neck pain which "caused him difficulties" was insufficient to satisfy the pleading standard and failed to state an ADA claim. 813 F. App'x 869, 875–76 (4th Cir. 2020). In the instant case, to find that plaintiff plausibly alleged a disability within the meaning of the ADA would require the Court to infer not only that "the 'difficulties' he encountered were substantial limitations" on major life activities, *see id.*, but that his cervicalgia or other injuries caused him any difficulties at all—plaintiff has pled no facts indicating his condition limited his major life activities.

The Court has reviewed the M&R for clear error and finds none.

### CONCLUSION

For the foregoing reasons, the M&R [DE 7] is ADOPTED in full. Plaintiff's ADA claims are dismissed for failure to state a claim. The Title VII claims proceed.

SO ORDERED, this ___4___ day of May 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3