IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:26-CV-4-BO-KS

| | | |
|---|---|---|
| HERBERT J. MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WEYERHAEUSER NR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on defendant's motion to dismiss. [DE 14]. Plaintiff has responded [DE 20] and defendant has replied [DE 22]. The Court also considers plaintiff's motion for leave to file a second amended complaint. [DE 19]. Defendant has responded [DE 21] and the time for reply has elapsed. In this posture, the motions are ripe for disposition. For the following reasons, defendant's motion to dismiss is granted and plaintiff's motion for leave to file a second amended complaint is denied.

## BACKGROUND

Plaintiff, proceeding pro se, initiated this action against his former employer, defendant Weyerhaeuser NR, asserting retaliation and wrongful termination claims under Title VII and the Americans with Disabilities Act (ADA). [DE 4]. Plaintiff worked as a machine operator. *Id.* at ¶ 5. He alleges having filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in December 2024 due to defendant's unlawful employment practices. *Id.* at ¶ 7. Shortly thereafter he reported his concerns to defendant's human resources department and to defendant's CEO by email. *Id.* at ¶ 8. Then, he suffered an injury at work and was "taken out of work by a doctor." *Id.* at ¶ 9. Plaintiff alleges defendant suspended him for alleged insubordination

and then terminated his employment while he was under medical restriction and before he was released to return to work. *Id.* at ¶¶ 10–11.

## DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**I. Defendant's Motion to Dismiss**

While a court's evaluation of a complaint on the defendant's motion to dismiss is "generally limited to a review of the allegations of the complaint itself[,]" courts may consider a document "that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). Plaintiff refers to his EEOC charge in his complaint [DE 4, ¶ 7], and has filed a copy of the right-to-sue letter he received

after filing his charge. [DE 11-4]. As the issuance of a right-to-sue letter is a prerequisite to this lawsuit, it is integral to the complaint. No party appears to dispute the authenticity of the right-to-sue letter. The Court may consider the right-to-sue letter without converting the instant motion to one for summary judgment.

"Title VII requires that an aggrieved person file a civil action within 90 days of receiving a right-to-sue letter from the EEOC." *Quinn v. Copart of Conn., Inc.*, 791 Fed. Appx. 393, 395 (4th Cir. 2019) (citing 42 U.S.C. § 2000e-5(f)(1) (2012)). "It is well settled that a Title VII claimant who fails to file a complaint within the 90-day period generally forfeits his right to pursue his claims." *Id.* Plaintiff's right-to-sue letter was issued on September 23, 2025. He filed the above-captioned civil action 126 days later, on January 27, 2026. Accordingly, his Title VII claims are time-barred.

The Court has previously dismissed plaintiff's ADA claims. [DE 9]. As plaintiff's Title VII claims are time-barred as well, the complaint is dismissed in its entirety.

**II. Plaintiff's Motion for Leave to File a Second Amended Complaint**

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). An amendment is therefore futile where the plaintiff fails to state a facially plausible claim, meaning that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

Plaintiff's motion for leave to file a second amended complaint does not include a copy of his proposed amended complaint. [DE 19]. Instead, he explains "additional facts exist that were not fully included in the prior pleadings." *Id.* at ¶ 4. Among them, he "seeks to include additional factual allegations regarding . . . two separate EEOC Right-To-Sue Notices containing different dates." *Id.* Plaintiff has not, however, provided those "different dates," and does not argue in his motion for leave to amend the complaint that the other right-to-sue letter was issued within ninety days of the date of this lawsuit's filing. Because plaintiff's motion provides the Court with no information sufficient to determine his Title VII and ADA claims are not time-barred, amendment of his complaint to include further factual allegations would be futile. The motion for leave to amend the complaint is denied.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint [DE 14] is GRANTED. Plaintiff's motion for leave to file a second amended complaint [DE 19] is DENIED. The Clerk is directed to enter judgment in favor of defendant and close the case.

SO ORDERED, this 13 day of August 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE